IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PINNACLE AGRICULTURE DISTRIBUTION, INC. doing business as SANDERS,<br><br>    Plaintiff,<br><br>v.<br><br>DEREK DANIEL BOEHME,<br><br>    Defendant. | Case No. 5:19-cv-424 |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

PINNACLE AGRICULTURE DISTRIBUTION, INC. doing business as SANDERS ("Plaintiff") files its Original Complaint complaining of DEREK DANIEL BOEHME and respectfully shows the Court as follows:

### I.
### PARTIES

1. Plaintiff is a Mississippi corporation with its principal place of business in Loveland County, Colorado.

2. Defendant DEREK DANIEL BOEHME is a Texas citizen and may be served with process at his place of business or abode at the following address: 254 County Road 2615, Rio Medina, Medina County, Texas 78066.

### II.
### JURISDICTION AND VENUE

3. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

4. Plaintiff is a citizen of Colorado and Mississippi. Plaintiff is a corporation incorporated under the laws of Mississippi with its principal place of business in Colorado. Defendant is a citizen of Texas. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides in this District.

## III.
## FACTS

6. Plaintiff seeks to recover a liquidated debt owed by Defendant in connection with the sale of agricultural products as set forth herein.

7. Plaintiff is an agriculture wholesaler dedicated to providing seed, chemicals, and fertilizer to its clients.

8. Defendant executed a Promissory Note and Security Agreement payable to Plaintiff in the principal amount of $206,250.00 on or about April 5, 2018 with a maturity date of January 1, 2019 for the purchase of goods and services from Plaintiff under account number 029200039 (the "Note") (*see* Exhibit "A-1").

9. Defendant, in the usual course of business and under the Note with Plaintiff, requested and received goods and services from Plaintiff, as represented in the attached invoices and bills of lading on an open account (the "Transaction")(s*ee* Exhibit "A-2").

10. Each good and service, reflected in the attached invoices, was received and accepted by Defendant. Defendant became bound to pay Plaintiff for the designated prices reflected in the invoices, which were and are reasonable, usual, and customary for such goods and services. *Id*.

11. The Transaction represents a transaction or series of transactions for which a systematic record has been kept and maintained by Plaintiff, as referenced in Plaintiff's Transaction by Collections Transaction Inquiry Report for goods and services purchased pursuant to the Note (the "Transaction Report")(*see* Exhibit "A-3").

12. Defendant failed and refused to pay for all of the goods and services, as reflected in the Transaction Report.

13. The Transaction Report represents the principal amount due as the date of filing to be $158,449.48 exclusive of accrued interest and additional interest that will accrue, costs, and attorney's fees. The Transaction Report also reflects that the principal balance has accrued interest through March 31, 2019 in the amount of $12,546.25. Defendant is indebted to Plaintiff for the amounts stated in this paragraph.

14. The amounts stated herein are just and true, are past due and owing, and all lawful credits, payments, and offsets have been allowed.

15. Further, pursuant to the Note, Defendant agreed to pay and perform all obligations under the Note, including, but not limited to, the collection of expenses and reasonable attorney's fees.

16. By a letter dated April 5, 2019, Plaintiff presented its claim to Defendant, but the foregoing amount remains unpaid (*see* Exhibit "A-4").

17. Plaintiff now sues Defendant for the principal sum due and owing pursuant to the Note of $158,449.48, plus accrued interest through March 31, 2019 in the amount of $12,546.25, after allowing for all just and lawful offsets, payments, and credits, plus interest that will accrue, costs, and attorney's fees.

PLAINTIFF'S ORIGINAL COMPLAINT – Page 3
04064.0033

18. The Declaration of Nick Koski, including Exhibits "A-1," "A-2," "A-3," and "A-4" thereto, is attached hereto as Exhibit "A" and fully incorporated by reference herein for all purposes.

## IV.
## COUNT ONE
## BREACH OF CONTRACT

19. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

20. Plaintiff and Defendant entered into a valid contract or contracts regarding goods and services. Plaintiff has fully performed its obligations under such contract or contracts. Despite demand, Defendant has failed to pay amounts due and owing under such contact or contracts. Defendant's failure to pay the outstanding balance constitutes breach of contract.

21. As a result of Defendant's breach of contract, Plaintiff is entitled to recover the amount of $170,995.73 (principal sum of $158,449.48, plus accrued interest through March 31, 2019 in the amount of $12,546.25) plus interest that will accrue, costs, and attorney's fees, for which amounts Plaintiff now sues Defendant.

## V.
## COUNT TWO
## QUANTUM MERUIT

22. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

23. Plaintiff provided valuable goods and services to Defendant at its request. Defendant received and accepted such goods and services from Plaintiff. Defendant has reasonable notice that Plaintiff expected compensation for the goods and services. Defendant benefited from the receipt of the goods and services. Defendant failed to pay Plaintiff for the

goods and services, as more fully set forth above, and therefore, has unjustly retained benefits to Plaintiff's detriment.

24. Plaintiff is entitled to recover the principal amount of $158,449.48 representing the reasonable value of the goods and services received pursuant to the Note, plus interest that will accrue, costs and attorney's fees, for which amounts Plaintiff now sues Defendant.

## VI.
## COUNT THREE
## ATTORNEY'S FEES AND COSTS

25. Plaintiff incorporates herein by reference the above-numbered and below-numbered paragraphs.

26. As a result of Defendant's conduct, Plaintiff retained the services of Johnson Stephens & Leal, PLLC, licensed attorneys, to enforce its rights and protect its legal interests and has agreed to pay Johnson Stephens & Leal, PLLC its reasonable and necessary attorney's fees and expenses.

27. Plaintiff has presented its claim and demand for payment in writing to Defendant by demanding payment of the sums alleged. Plaintiff's demand was presented more than thirty days before the trial hereof.

28. Plaintiff is entitled to its reasonable and necessary attorney's fees in connection with the Note and under Chapter 38 of the Texas Civil Procedures & Remedies Code.

## VII.
## CONDITIONS PRECEDENT

29. All conditions precedent to recovery for the relief sought herein have occurred or have been satisfied.

30. Plaintiff affirmatively pleads the discovery rule as it relates to the limitation periods applicable to the claims herein. This Complaint was filed within the applicable limitations periods

or filed within the limitations period from the time Plaintiff discovered or should have discovered, through the exercise of reasonable care and diligence, the facts establishing the elements of the asserted claims or causes of action asserted herein. Plaintiff also affirmatively pleads that any limitations period has been tolled.

## XIII.
## PRAYER

**WHEREFORE**, Plaintiff requests that Defendant be cited to appear and answer herein and that upon final hearing or trial of this cause, Plaintiff be granted judgment against Defendant for the following:

1. Judgment against Defendant as set forth herein above, and in an amount proven at trial or hearing within the jurisdictional limits of this Court;

2. Benefit of the bargain damages, out of pocket costs, reliance damages, and actual and economic damages;

3. Reasonable and necessary attorney's fees through trial and all subsequent appeals;

4. Costs of court;

5. Pre-judgment interest as allowed by contract law;

6. Post-judgment interest as allowed by contract law;

7. All writs and processes necessary to effectuate the relief granted; and

8. Such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

JOHNSON STEPHENS & LEAL, PLLC

By: */s/ Gregory Dimmick*
    Gregory Dimmick
    State Bar No. 24028303
    gdimmick@jsllawfirm.com
    Sarah L. Stephens
    State Bar No. 24086110
    sstephens@jsllawfirm.com
    4809 Cole Avenue, Suite 260
    Dallas, TX 75205
    (214) 490-1344 Telephone
    (214) 919-5941 Facsimile

**ATTORNEYS FOR PLAINTIFF**